ORIGINAL

FILED IN CLERK'S OFFICE
U S D C Atlanta

DEC 0 6 2006

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MCKESSON INFORMATION SOLUTIONS LLC,** | ) ) ) ) |
| Plaintiff, | ) Civil Action No. ) **1:06-CV-2965** ) |
| v. | ) ) |
| **EPIC SYSTEMS CORPORATION,** | ) ) |
| Defendant. | ) ) ) |

JTC

## COMPLAINT

Plaintiff McKesson Information Solutions LLC ("McKesson") files this Complaint against Defendant Epic Systems Corporation ("Epic") and avers as follows:

### Nature of the Action

1. This action seeks damages and injunctive relief as a result of Epic's actions in making, selling and offering for sale products, the use of which infringes McKesson's U.S. Patent No. 6,757,898 ("the '898 Patent"), entitled "Electronic Provider – Patient Interface System."

## The Parties

2. McKesson is a limited liability company organized under the laws of the State of Delaware and has a place of business in Alpharetta, Georgia. McKesson is in the business of making and selling, among other things, healthcare information software products.

3. Epic is a corporation organized under the laws of the State of Wisconsin and has a place of business in Verona, Wisconsin. Epic regularly and continuously does business in the State of Georgia. Epic is in the business of making and selling, among other things, healthcare information software products.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over the claims and causes of action asserted in this complaint pursuant to at least 28 U.S.C. §§ 1331 and 1338 because this matter involves the infringement of a United States patent.

5. Epic is subject to personal jurisdiction in this Court by regularly conducting business within this District and by virtue of its actions in at least offering for sale, selling and inducing the use of healthcare software products within this judicial District and the State of Georgia.

6. Venue is appropriate in this District and division pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Epic both resides in this District and division, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and division.

## Background

7. The '898 Patent was duly and legally issued on June 29, 2004 by the United States Patent and Trademark Office, based on an application filed by Kevin Ilsen and Michael J. Cataldo on January 18, 2000. McKesson is the owner by assignment of all right, title and interest in and to the '898 Patent. A true and correct copy of the '898 Patent is attached hereto as Exhibit 1.

8. Epic manufactures, sells and offers for sale healthcare information software products, including, without limitation, "MyChart®".

## COUNT I
## Patent Infringement

9. McKesson realleges, adopts and incorporates by reference the allegations included within paragraphs 1 through 8 above as if they were fully set forth herein.

10. Epic has, without authority, used and otherwise practiced methods that directly infringe the claims of the '898 Patent, and has induced

3

infringement and contributed to the infringement of the '898 Patent by making, offering for sale, marketing, selling and assisting in the implementation of its healthcare information software products, including without limitation, "MyChart®".

11. McKesson has been damaged by Epic's infringing activity. McKesson will continue to be irreparably damaged, unless and until Epic's infringement is enjoined.

12. Upon information and belief, Epic's infringement of the '898 Patent is and has been willful.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

(a) award McKesson compensatory damages for Epic's infringement of the '898 Patent;

(b) permanently enjoin Epic from infringing the claims of the '898 Patent;

(c) award enhanced damages resulting from the knowing, deliberate and willful nature of Epic's illegal conduct, as provided in 35 U.S.C. § 284;

(d) award reasonable attorneys' fees incurred by McKesson, as provided in 35 U.S.C. § 285; and

(e) award to McKesson such other and further relief as this Court deems just and proper.

### Demand for Jury Trial

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues triable of right by a jury.

Respectfully submitted this ___6___ day of December, 2006.

WOMBLE CARLYLE SANDRIDGE & RICE,
*A Professional Limited Liability Company*

_____
Adam S. Katz (GA Bar No. 408661)
One Atlantic Center, Suite 3500
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone : (404) 872-7000
Facsimile: (404) 888-7490
akatz@wcsr.com

Timothy G. Barber (NC Bar No. 12851)
One Wachovia Center, Suite 3500
301 South College Street
Charlotte, North Carolina 28202-6037
Telephone: (704) 331-4937
Facsimile: (704) 338-7839
tim.barber@wcsr.com

George Pazuniak (DE Bar No. 478)
Gerard M. O'Rourke (DE Bar No. 3265)
222 Delaware Avenue
Suite 1501
Wilmington, Delaware 19801
Telephone: (302)-252- 4320
Facsimile: (302)-252- 4330
gpazuniak@wcsr.com
gorourke@wcsr.com

Jacquelyn D. Austin (SC Bar No. 10395)
P.O. Box 10208
550 South Main St., Suite 400
Greenville, SC 29603
Telephone: (864) 255-5406
Facsimile: (864) 255-5486
jaustin@wcsr.com

**ATTORNEYS FOR MCKESSON INFORMATION SOLUTIONS LLC**