IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 1:06-cv-2965 (JTC) |
| v. | ) | |
| | ) | |
| EPIC SYSTEMS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S INTERROGATORY RESPONSES AND INFRINGEMENT CONTENTIONS**

## I.    INTRODUCTION AND BACKGROUND.

Plaintiff McKesson Information Solutions LLC ("Plaintiff") sued Epic Systems Corp. ("Epic"), alleging infringement of U.S. Patent No. 6,757,898 ("the '898 patent", attached to Plaintiff's Complaint as Exhibit 1) through the sale and use of Epic's MyChart® software program.  The '898 patent relates to a method and system for allowing a patient and his or her health care provider to communicate electronically, such as over the internet.  Specifically, the '898 patent states that the patented "system[] provides an automated service to patients, through which access to their own doctor is provided over the Internet."  ('898 Patent, Col. 4, ll. 26-29.)  Specifically, the '898 patent's claims recite a "patient-

provider interface service center" that provides certain custom content to the health care user. ('898 patent, claim 1, last clause.)

Epic, a health care software company based in Madison, Wisconsin, denies that the sale or use of MyChart® infringes the '898 patent, and counterclaims that the '898 patent is invalid because, among other reasons, there is prior art pre-dating the '898 patent's January 2000 application date that both anticipates and renders obvious the claimed invention under 35 U.S.C. §§ 102 and 103.

Plaintiff responded to Epic's Interrogatories on April 9, 2007 (Exh. 1.), and, following Epic's efforts to confer regarding several of those interrogatories, served a Supplemental Response to Interrogatory No. 1 on April 26, 2007. (Exh. 2.) Despite Epic's efforts to confer, however, Plaintiff has refused to supplement any of its Interrogatory responses further.

Plaintiff provided its Infringement Contentions required under Local Patent Rule 4.1 on April 16, 2007, and along with those contentions produced 7,330 pages of documents and certain other materials pursuant to LPR 4.1(b). (Exh. 3.) Epic requested that Plaintiff supplement its contentions to specify, as the Local Patent Rules require, where certain limitations of the asserted claims allegedly appear in the accused MyChart® system. Plaintiff, however, refused to do so.

Epic thus respectfully requests that this Court compel Plaintiff to respond fully to Epic's Interrogatories and to provide proper Infringement Contentions, and that it also award Epic the costs and fees incurred in preparation of this motion.

## II. PLAINTIFF'S RESPONSES TO EPIC'S INTERROGATORIES ARE INSUFFICIENT.

Pursuant to Local Rule 37.1(A)(2) the objectionable interrogatory responses are addressed in turn.

### A. <u>Interrogatory No. 1.</u>

Identify and describe with specificity when, how and by whom the subject matter disclosed in each claim of the Patent in Suit was allegedly conceived of and/or reduced to practice, including without limitation the dates of conception and reduction to practice and any activities you contend show diligence in reduction to practice; identify all person(s) with knowledge or who assisted or were in any way involved in the conception, reduction to practice, or patenting (including but not limited to preparation of the patent application, responses to offices actions, or Information Disclosure Statements) of the invention disclosed in each claim of the Patent in Suit; and identify all documents that corroborate or otherwise concern the alleged conception, reduction to practice, or patenting of each claim of the Patent in Suit.

#### 1. <u>Plaintiff's Supplemental Response to Interrogatory No. 1.</u>

McKesson incorporates its General Objections to this interrogatory as if fully set forth herein. In addition, McKesson objects to this interrogatory on the grounds that it is premature and seeks information not relevant to any claim or defense in this action. By propounding this Interrogatory, Epic ignores the law which provides that the '898 Patent is presumed valid. Specifically, Epic seeks to put the validity of the '898 Patent at issue without first

identifying any prior art that makes concepts such as conception and reduction to practice relevant in this case. In the event Epic later identifies specific examples of purported prior art that trigger the need for McKesson to specifically detail the concepts of conception and reduction to practice, McKesson reserves the right to amend this response. Subject to and without waiving the foregoing objections, McKesson responds as follows:

The invention of the '898 patent claims was constructively reduced to practice on January 18, 2000 when the application that led to the '898 patent was filed. The invention of at least claim 1 of the '898 patent was conceived in 1998, and was actually reduced to practice by at least the first quarter of 1999 at Fletcher Allen Health Care in Vermont.

Individuals knowledgeable about the conception and/or reduction to practice of the invention that led to the '898 patent include Kevin Ilsen and Michael Cataldo.

Individuals involved in the preparation and prosecution of the application that led to the '898 patent include Kevin Ilsen, Michael Cataldo, Evelyn McConathy, Esq., Darryl Shorter, Esq., and Michelle Sebastian, Esq.

Consistent with its obligations under Local Patent Rule 4.1, McKesson previously produced to defendants all non-privileged documents of which it is currently aware evidencing the conception, reduction to practice, design and development of the invention disclosed in the '898 Patent, along with a copy of the 898 Patent's file history. Such documents are encompassed by bates range MIC 000001 - MC 007330. McKesson will make MediVation source code available for review following the entry of an appropriate protective order in this case. The previously produced documents, along with the MediVation source code, corroborate or otherwise concern the alleged conception, reduction to practice, or patenting of each claim of the Patent in Suit.

-4-

2.   <u>Epic is Entitled to Know Plaintiff's Contentions Regarding When Its Invention Was Made.</u>

Ordinarily, the date of filing of a patent application is the priority date that is used for determining the universe of patents, publications, and other information that qualifies as prior art to the patent.  *See Loral Fairchild Corp. v. Matsushita Elec. Indus. Co.*, 266 F.3d 1358, 1362-63 (Fed. Cir. 2001).  However, a patentee such as Plaintiff may achieve an earlier priority date if it satisfies its burden to provide corroborating evidence that its claimed invention was both conceived of and reduced to practice on a specific date before its filing date.  *Id*.

Through this interrogatory, Epic seeks all information that Plaintiff intends to rely on if it attempts to prove an invention date earlier than the January 18, 2000 filing date of its patent application.  Epic needs this information to assess the strength of any claim Plaintiff may make to an earlier invention date as well as to determine what information may be potentially invalidating prior art.

However, Plaintiff refuses to provide a meaningful response.  It first contends that Epic must identify prior art before it discloses its position regarding the dates of conception and reduction to practice of the claimed invention. Plaintiff, however, does not need to know about prior art before providing its contentions as to when the claimed invention was made.  The two issues are entirely unrelated.  Plaintiff's "you tell me how old your prior art is, and then we'll

US2000 9955774.3

tell you when our invention was made" objection thus should be rejected. *Accord Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 649-50 (N.D. Cal. 2004) (requiring plaintiff to respond to very similar interrogatory).

Moreover, Plaintiff's generic statements in its supplemental response that conception of claim 1 occurred "in 1998" and reduction to practice happened "by at least the first quarter of 1999" are insufficient. Plaintiff fails to state specific dates of conception and reduction to practice for claim 1, fails to state **any** purported dates of conception and reduction to practice for any of the other fourteen asserted dependent claims, and fails to identify any evidence supporting its contentions as to any conception and reduction to practice dates for any of the claims. If Plaintiff is to satisfy its burden to prove an earlier invention date than January 18, 2000 for any of the claims of the '898 patent, it must offer specific evidence as to what the exact dates of conception and reduction to practice are and what documents and other facts it has to corroborate or otherwise support those dates. Epic is entitled to know these contentions and supporting evidence now, or Plaintiff should be precluded from seeking to prove an invention date earlier than its patent application filing date.

Nor can Plaintiff claim that it must await discovery to provide this information. Its counsel represents both inventors of the '898 patent, at least one

US2000 9955774.3

of whom is still employed by Plaintiff, and it has produced more than 7,300 pages of documents dated before January 2000 relating to the development and sale of the claimed invention.  Thus, for example, it can and should ask the inventors when the invention was conceived of and reduced to practice, and can and should use the documents it produced to indicate what evidence, if any, specifically supports the inventors' claims as to when their invention was made.

Lastly, Plaintiff's reliance on Rule 33(d) in lieu of a narrative response is insufficient.  Plaintiff does not point to any specific documents that purportedly evidence its claimed conception and reduction to practice dates; rather, it lists the entirety of its more than 7,300 page production of documents that are dated throughout 1998 and 1999.  Rule 33(d) and case law interpreting make it clear that the responding party must specifically identify which documents and where in those documents the information requested in an interrogatory is located.  *See* Fed. R. Civ. P. 33(d) (stating that the "specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained"); *see also SEC v. Elfindepan S.A.*, 206 F.R.D. 574, 576 (M.D.N.C. 2002) ("Document dumps or vague references to documents do not suffice.")

In sum, Plaintiff cannot provide Epic with a minimal response to this interrogatory now, and then later (once the full scope of the prior art is revealed) provide its full contentions as to the specific date(s) of invention along with its corroborating evidence for those dates. Rather, Plaintiff should be ordered to supplement its response to state fully its contentions as to its invention date and to specifically identify which documents support or corroborate those contentions.

## B.    <u>Interrogatory No. 3.</u>

Describe in detail all discussions, disclosures, transactions, or other communications that occurred prior to the filing date of the application that issued as the Patent in Suit concerning any proposed or actual sale or offer to sell (regardless of whether for commercial or experimental purposes), demonstration, or importation of any products, systems, or services whose use was or may have been covered by any claim of the Patent in Suit; and identify all persons with knowledge of and documents concerning each such discussion, disclosure, transaction, or other communication.

### 1.    <u>Plaintiff's Response to Interrogatory No. 3.</u>

McKesson incorporates its General Objections to this interrogatory as if fully set forth herein. McKesson also objects to this interrogatory as duplicative of Local Patent Rule 4.l(c)(l). McKesson also objects to this interrogatory on the grounds that it presupposes that any such activities, to the extent they occurred, are prior art. By responding to this interrogatory and identifying or producing documents in response to this interrogatory, McKesson does not admit that any information contained in the response and any documents identified or produced constitute prior art. Additionally, McKesson objects to this interrogatory as overly broad and vague in seeking the detail of "all discussions" or other communications that occurred prior to the filing of the '898 Patent application relating to the sale or offer

for sale, demonstration or importation of any products, systems or services "whose use was or may have been covered" by any claim of the '898 Patent. Subject to and without waiving the foregoing objections, McKesson identifies Michael Cataldo and Kevin Ilsen as individuals knowledgeable about the development of the invention that led to the '898 patent. Pursuant to Federal Rule of Civil Procedure 33(d), McKesson refers Epic to documents relating to the development of the invention that will be produced in response to document requests Epic has propounded in this action once a suitable Protective Order has been entered by the Court.

2.    Epic Is Entitled to Facts Directly Relevant to Validity Issues Such as the On-Sale and Public Use Bar of 35 U.S.C. § 102(b).

As with its response to Interrogatory No. 1, Plaintiff refuses to provide specific information relevant to Epic's prior art defenses.  This Interrogatory requests information regarding any disclosures, use, sales, or offers to sell of the claimed invention before the patent application date, which activities would be invalidating events under 35 U.S.C. §§ 102(a) and (b) if they occurred more than one year before the application date.  Epic is required to provide Invalidity Contentions to Plaintiff on May 16, 2007, including a description of any contention Epic makes that the claimed invention was in use or on sale more than one year before the patent application date.  *See* Local Patent Rule 4.2.  Plaintiff thus must answer this Interrogatory to provide Epic with information needed to set forth any contention in this regard.

US2000 9955774.3

Once again, however, Plaintiff fails to provide a substantive response. Its identification of the two inventors and statement that documents may be produced under Rule 33(d) is insufficient. Plaintiff cannot tell Epic that the answer to this Interrogatory is set forth somewhere within more than 7,300 pages of documents dated during 1998 and 1999 or other documents yet to be produced. Rather, from its representation of the inventors and possession of relevant documents, Plaintiff can and must determine the answers to this question, and thus should provide a full response to Epic. This Court should order it to do so.

**C.    Interrogatory No. 4.**

Identify (by current and any former name and number, trade name, and trademark, including any names or trademarks used during development or trial efforts) each product, system, or service of Plaintiff or any predecessor, acquired company, or affiliate of Plaintiff whose use Plaintiff contends to be covered by the Patent in Suit; and identify all persons with knowledge of and all documents concerning each such product, system, or service.

1.    Plaintiff's Response to Interrogatory No. 4.

McKesson incorporates its General Objections to this interrogatory as if fully set forth herein. McKesson further objects on the grounds that this interrogatory seeks information not relevant to the claims or defenses in this action. McKesson further objects to this interrogatory on the grounds that the scope of the claims is a question of law and that claim construction has not taken place in this matter. As a result, this interrogatory is premature.

2.   <u>Epic Is Entitled to Plaintiff's Identification of Which of Its Products, Systems, or Services It Believes to Be Covered By the '898 Patent.</u>

Plaintiff takes the position that this Interrogatory seeks information not relevant to any claim or defense.  However, the identity of products sold by Plaintiff or its predecessors that are covered by the '898 patent is relevant both to prior art defenses, as described above with respect to Interrogatories Nos. 1 and 3, and also to potential damages issues.  *See Automed Techs. v. Knapp Logistics & Automation, Inc.*, 382 F. Supp. 2d 1368, 1370-71 (N.D. Ga. 2005) (holding that information relating to patent owner's patented products is relevant to damages and other issues).  Plaintiff thus should identify and produce information relating to the products, systems, or services that it or its predecessors have sold that it believes are covered by its patent.  Nor can Plaintiff refuse to respond by claiming that this is a contention interrogatory.  *See Starcher v. Corr. Med. Sys., Inc.*, 144 F.3d 418, 421 n.2 (6th Cir. 1998) (contention interrogatories are acceptable discovery tools, to which responses are generally required), *aff'd*, 527 U.S. 198 (1999).

Lastly, Plaintiff's objection that it cannot respond until after the Court construes the claims of the '898 patent is inappropriate.  Epic asks Plaintiff to respond with respect to products, systems, or services *that Plaintiff contends to be covered by its patent*.  Plaintiff cannot take the position that it is excused from

answering this interrogatory because it is unable to determine what its own patent means until the Court tells it what it means.   Accordingly, Plaintiff should be ordered to answer this interrogatory.

### D.    Interrogatory No. 5 and Request for Production No. 25.

**Interrogatory No. 5**:  Describe in detail any marking under 35 U.S.C. § 287 of products, systems, or services whose use Plaintiff contends to be covered by any claim of the Patent in Suit, including an identification of each and every product, system or service (including packaging, instructions, or other material) marked with the number of the Patent in Suit, where and how any such marking took or has taken place, the first date such marking occurred, and whether such marking has been continuous from then until now; and identify all persons with knowledge of and all documents concerning any such marking.

**Request for Production No. 25**:   All documents and things that concern, refer or relate to Plaintiff's marking practices concerning the '898 Patent, including, but not limited to, Plaintiff's marking practices related to any system, method or product made, used, offered for sale, sold, marketed or imported by Plaintiff whose use Plaintiff contends is covered by the '898 Patent.

> 1.    Plaintiff's Responses to Interrogatory No. 5 and Request for Production No. 25.

**Interrogatory 5:** McKesson incorporates its General Objections as if fully set forth herein. McKesson also objects to this interrogatory on the grounds that it seeks information not relevant to any claim or defense in this action. The '898 patent claims a method. The law is clear that the notice provisions of 35 U.S.C. § 287 do not apply when the patent is directed to a process or a method. *American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993).

US2000 9955774.3

**Request for Production 25:**  In addition to its General Objections, McKesson objects to Request No. 25 to the extent that it is overly broad, unduly burdensome, and oppressive, and seeks documents that are neither relevant to the claims and defenses in the lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. The '898 Patent claims a method, and marking is not relevant to method claims. *American Medical Systems, Inc. v. Medical Engineering Corp.,* 6 F.3d 1523, 1538 (Fed. Cir. 1993).

       2.    <u>Epic is Entitled to Discover Whether Plaintiff Has Marked Its Products In Compliance With 35 U.S.C. § 287.</u>

Under 35 U.S.C. § 287, a patent owner cannot recover damages before filing suit unless it has marked any patented articles it produces with the patent number at issue.  Epic's Interrogatory No. 5 asks Plaintiff whether it has marked any product, system, or service it has sold with the '898 patent number, and its Request for Production No. 25 seeks documents and things regarding any patent marking.

Plaintiff refuses to respond to these requests; instead it argues that patent claims reciting a method (as opposed to an apparatus or system) do not require marking, citing *American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d 1523 (Fed. Cir. 1993).  However, in the *American Medical* case, "both apparatus and method claims of the '765 patent were asserted and there was a physical device produced by the claimed method that was capable of being marked," and thus the court held that marking was required.  *Id.* at 1539. Similarly, other courts have held that where a patent recites both system and

-13-

method claims and relates to an invention whose commercial embodiment is "accessed and used through" a website, the website itself must be marked. *See, e.g., IMX Inc. v. LendingTree LLC*, 79 USPQ2d (BNA) 1373, 1375 (D. Del. 2005) (attached as Exhibit 4).

Here, claim 2 of the '898 patent recites a system for performing the method stated in claim 1, and thus Epic has contended that marking is required here based on the authority set forth above (which it disclosed to Plaintiff before filing this motion). Epic is not asking the Court to decide right now whether, as a matter of law, marking is required under these circumstances or not – that is an issue properly reserved for summary judgment or trial following discovery on the issue of marking. However, whether Plaintiff marked its products or systems covered by the patent is relevant and discoverable in this case. Plaintiff thus should be ordered to respond to Interrogatory No. 5 and Request for Production No. 25.

### E.    Interrogatory No. 7.

Identify any study or investigation that has been performed by anyone of the infringement, interpretation, validity, enforceability, scope of or prior art concerning the Patent in Suit, or of any Foreign Counterparts, and identify all persons with knowledge of and all documents concerning any such study or investigation.

#### 1.    Plaintiff's Response to Interrogatory No. 7.

McKesson incorporates its General Objections to this interrogatory as if fully set forth herein. Additionally, McKesson objects to this

US2000 9955774.3

interrogatory on the grounds that it seeks information which is subject
to the attorney-client and/or the attorney work product privileges.

> 2.    Epic Is Entitled to the Facts Responsive to This Interrogatory –
> Those Facts Are Not Privileged.

Plaintiff refuses to respond to this Interrogatory on the grounds of attorney-
client privilege. It is, however, well-settled that the privilege covers only the
substance of communications with legal counsel for the client asserting the
privilege. *See Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981). This
interrogatory more broadly asks about any studies or investigations of the patent-
in-suit that Plaintiff is aware of. While the substance of certain communications
responsive to this Interrogatory may be privileged, there may also be studies or
investigations that Plaintiff is aware of that are not privileged. Furthermore, the
facts as to whether any study or investigation has occurred, if so who did it or
knows about it, and what documents relate to it, are not privileged. Plaintiff thus
should be ordered to respond to this interrogatory.

**F.    Interrogatory No. 13.**

Identify and describe any and all systems, products, or services that
McKesson has designed, implemented, sold, offered for sale, or
distributed for use by a patient or other user of a health care provider.

> 1.    Plaintiff's Response to Interrogatory No. 13.

McKesson incorporates its General Objections to this interrogatory as
if fully set forth herein. Additionally, McKesson objects to this

interrogatory as over broad, vague and not likely to lead to the discovery of admissible, relevant evidence. This interrogatory is hopelessly overbroad in that it is not limited to the subject matter of this lawsuit. Subject to and without waiving the foregoing objections, McKesson responds that after acquiring Medivation, McKesson offered to sell the then-existing electronic Provider-Patient interface product.   McKesson has also sold the PracticePoint® Connect product, the Community Portal product, the Horizon Patient Portal product, and RelayHealth®.

> 2.    Plaintiff's Response Fails to Provide any Detail on The Identified Products.

Plaintiff does identify responsive systems by name, but fails to provide any description of those systems, as this Interrogatory requests.  Plaintiff does not even cite to Rule 33(d) as it did for other responses and promise to produce documents that describe these products or systems.  Plaintiff should be ordered to supplement by providing the requested description either in narrative format or by pointing to specific documents that it has produced that provide this information.

## G.    Interrogatory No. 15.

For each objective indicia of non-obviousness (*e.g.*, commercial success, long-felt need, failure of others, initial skepticism, copying or imitation by others, etc.) that you contend to be present in this case, describe in detail all facts that support your contention that each indicia is present; and identify all persons with knowledge of and all documents concerning any such facts.

> 1.    Plaintiff's Response to Interrogatory No. 15.

McKesson incorporates its General Objections to this interrogatory as if fully set forth herein. McKesson further objects on the grounds that

this interrogatory is premature. Discovery is in its infancy and Epic has not produced documentation relating to its MyChart product. McKesson also objects to this interrogatory to the extent it seeks contentions of experts prior to the time set forth under the local rules for disclosing such contentions. Additionally, McKesson objects to this interrogatory as vague and overbroad.

2.    <u>Epic Is Entitled To Information Currently in Plaintiff's Possession Regarding Its Non-Obviousness Position.</u>

As the Supreme Court recently held in *KSR Int'l Co. v. Teleflex, Inc.*, ___ U.S. ___, Slip. Op. 04-1350 (Apr. 30, 2007), to determine whether a patented invention is obvious in light of the prior art, it may be relevant to examine certain so-called "secondary factors" that a patent owner may rely on as objective indicia of non-obviousness, such as the commercial success of the patented invention, evidence of a long-felt need in the industry, etc. This interrogatory asks Plaintiff to describe all facts of which it is aware that support the existence of any alleged objective indicia of non-obviousness of the '898 patent.

Plaintiff again takes the position that this Interrogatory is a contention interrogatory and that therefore it need not respond at this time. However, as noted above with respect to interrogatory 4, this is not a valid objection. If Plaintiff intends to rely on any secondary indications of non-obviousness to rebut Epic's invalidity claims, Epic is entitled to know what evidence Plaintiff has on those

US2000 9955774.3

issues now.  While Plaintiff may, and indeed must, supplement as it learns more information, it cannot simply refuse to answer now.

In sum, Plaintiff's responses to these specific Interrogatories are deficient, and it should be ordered to provide full answers immediately.

## III.   PLAINTIFF'S INFRINGEMENT CONTENTIONS FAIL TO COMPLY WITH LOCAL PATENT RULE 4.1.

Plaintiff fails to comply with Local Patent Rule 4.1 because the chart accompanying its Infringement Contentions does not, as that rule requires, identify "specifically where each element of each asserted claim is found within" the accused instrumentality.  L.P.R. 4.1(b)(3).  Plaintiff fails to identify specifically where, based on the information it is aware of concerning the accused MyChart® software (including the published patent application and other materials cited in its contentions), it contends that several elements of the asserted claims are found.

First, Plaintiff generally fails to identify what part of MyChart® it contends to be the "patient-provider interface" required throughout the claims.  Specifically, Plaintiff fails to identify what in MyChart® it contends to be "provider-patient interface service center" that claim 1 requires.  Rather, Plaintiff merely states in conclusory fashion that "[t]he website is supported by or in communication with the central server through the provider-patient interface service center," essentially parroting the words of the claim but providing no further detail or citation as to

US2000 9955774.3

what in MyChart® performs that claim limitation.   (Exh. 3, p. 3, 2d Block.)

Plaintiff also fails to identify specifically what in MyChart® it claims to be the

"provider/patient interface," citing only to two figures in an Epic patent application

that depict an overall system architecture but providing no details as to what in that

architecture allegedly constitutes the interface.   (*Id*., 4th Block.)   Likewise,

Plaintiff fails to identify what part of MyChart® it believes to be the "patient-

provider interface service center" later in claim 1 (*Id*., 5th Block), as well as in

claim 15, which contains a similar limitation -- "Service Center." (*Id*., p. 6.)

Second, Plaintiff not only fails to identify the alleged location of the

"modular data collection program" element of claim 4 within MyChart®, but it

also makes no mention of that element in its statement of infringement at all.  (*Id*.,

p. 4.)  This, too, is insufficient to comply with Local Patent Rule 4.1(b)(3).

Courts in other jurisdictions with patent rules requiring infringement

contentions have stated that such contentions must do more than merely restate the

claims.  *See, e.g, Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527

(E.D. Tex. 2005).  Plaintiff's contentions thus are deficient.

Plaintiff no doubt will argue that it cannot provide full disclosure now

because it has not had access to certain confidential documents concerning

MyChart®, the source code, or a demonstration of the software itself.  However,

before filing this lawsuit, Plaintiff was required to have determined that each and every element of each asserted claim is present in the accused MyChart® product. *See View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) (holding that Fed. R. Civ. P. 11 requires that level of pre-suit investigation). Its infringement contentions must contain all of the facts discovered during any pre-suit investigation it performed. *See Network Caching Tech., LLC v. Novell, Inc.*, No. C-01-2079-VRW, 2002 WL 32126128, at *4 (N.D. Cal. Aug. 13, 2002). Accordingly, Plaintiff must disclose to Epic in its Infringement Contentions where and how, based on the information concerning MyChart® that Plaintiff is aware of and on which it relied on in filing this suit, the "provider-patient interface service center" (and related terms) and "modular data collection program" elements of the asserted claims of the '898 patent are allegedly found within MyChart®.

## IV.    PLAINTIFF SHOULD BE REQUIRED TO PAY EPIC'S COSTS AND FEES ASSOCIATED WITH THIS MOTION.

Under Fed. R. Civ. P. 37(a)(4)(A), the Court:

> [S]hall . . . require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially

US2000 9955774.3

justified, or that other circumstances make an award of expenses unjust.

"[T]he sanctions authorized by Rule 37 are imposed 'not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process.'" *Hawkins v. Fulton County*, 96 F.R.D. 416, 419 (N.D. Ga. 1982) (quoting *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir.1982)).

While Epic would not ordinarily seek costs associated with a first motion to compel, here, Plaintiff has refused to provide even the most basic information relevant to its claims and Epic's defenses in response to Epic's interrogatories, and also has failed to comply with this Court's Local Patent Rules concerning infringement contentions. All of these refusals have prejudiced Epic's ability to provide its responsive contentions of non-infringement and invalidity due on May 16 and otherwise to conduct discovery in this matter. Plaintiff's refusal to provide discovery in so many areas related to its claims of infringement and its own patent is not substantially justified. Accordingly, this Court should award Epic its reasonable fees and other expenses incurred in preparing this Motion to Compel.

## V.    CONCLUSION

For the foregoing reasons, Epic respectfully requests that this Court compel Plaintiff: (1) to respond to the identified Interrogatories; (2) to supplement its Infringement Contentions to identify where each and every element of the asserted

claims are found in the accused MyChart® system; and (3) to pay Epic's costs and attorney's fees associated with this motion.

## LOCAL RULE 7.1(D) CERTIFICATION

Undersigned counsel hereby certifies that this Brief has been prepared in Times New Roman 14 pt., which is one of the font and point selections approved by the Court under Local Rule 5.1(B).

## CERTIFICATION REGARDING DUTY TO CONFER IN GOOD FAITH

Pursuant to Fed. R. Civ. Pro. 37(a)(2)(A)(B) and Local Rule 37.1, undersigned counsel hereby certifies that attempts have been made to resolve the present dispute between Epic and Plaintiff. Despite a good faith effort, counsel have failed to resolve this issue by agreement.

Respectfully submitted, this 7th day of May 2007.

s/ William H. Boice
Georgia Bar No. 065725
Steven D. Moore
Georgia Bar No. 520745
D. Clay Holloway
Georgia Bar No. 363296
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
Telephone: (404) 815-6500
Fax: (404) 815-6555

Attorneys for Defendant Epic Systems
Corporation

US2000 9955774.3

-22-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing Brief in Support of

Defendant's Motion to Compel Plaintiff's Interrogatory Responses and

Infringement Contentions upon counsel for plaintiff by filing with the Court's

CM/ECF system, which will automatically send email documentation of such

filing to the following attorneys of record:

| | |
|---|---|
| Timothy G. Barber | tim.barber@wcsr.com |
| Kenneth M. Miller | matt.miller@wcsr.com |
| Adam S. Katz | akatz@wcsr.com |
| George Pazuniak | gpazuniak@wcsr.com |
| Gerard M. O'Rourke | gorourke@wcsr.com |
| Jacqueline D. Austin | jaustin@wcsr.com |

This 7th day of May, 2007.

s/ William H. Boice
Georgia Bar No.  065725
COUNSEL FOR DEFENDANT