IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MCKESSON INFORMATION SOLUTIONS LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. <u>1:06-cv-2965 (JTC)</u> |
| v. | ) ) | |
| EPIC SYSTEMS CORPORATION, | ) ) | |
| Defendant. | ) | |

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S INTERROGATORY RESPONSES AND INFRINGEMENT CONTENTIONS

## I.      Introduction

McKesson offers a variety of excuses for its refusal to engage in proper discovery in this patent infringement case, but none justifies its conduct. McKesson first argues that Epic is not entitled to the discovery it seeks until Epic meets some unspecified burden of proof regarding prior art. McKesson, however, confuses substantive legal burdens at trial with its obligation to provide relevant information in discovery. McKesson also provides in its brief various information responsive to certain interrogatories that it flatly refused to provide before Epic filed this motion. McKesson's other reasons for its refusals to provide discovery or proper infringement contentions are likewise unavailing.

## II.   McKesson Cannot Refuse to Participate in Discovery by Arguing Substantive Legal Burdens Have Not Been Met.

McKesson argues that its refusal to answer Interrogatories Nos. 1 and 15 is appropriate because Epic requests factual information relevant to its invalidity defenses before Epic has met its alleged burden to demonstrate prior art predating the January 2000 application date of the patent in suit.  (*See* Dkt. No. 47, pp. 3-6 and 13-14.)  McKesson cites *Innovative Scuba Concepts, Inc. v. Feder Indus., Inc.*, 26 F.3d 1112, 1115 (Fed. Cir. 1994), for the proposition that it can avoid discovery on this basis.  However, that case and the others McKesson cites address burdens of proof at trial on an invalidity claim, not the scope of discovery.

McKesson's burden-shifting scheme is found nowhere in the Federal Rules that govern discovery.  Rather, Fed. R. Civ. Pro. 26(b)(1) confirms that Epic may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Rule 26(b) does not require that Epic carry any burden to trigger McKesson's obligation to participate in discovery, only that the discovery in question be relevant to the claim or defense at issue.

Here, the information Epic has sought -- disclosure of any invention date earlier than McKesson's application date and any supporting evidence, and

US2000 10040768.1

evidence of any of the so-called "secondary considerations" on which McKesson may rely to attempt to show non-obviousness -- are relevant to Epic's defense and counterclaim that the patent-in-suit is invalid because the prior art anticipates it and/or renders its subject matter obvious.  While it is true that the ultimate burden at trial to prove invalidity lies with Epic, that burden of proof does not excuse McKesson from providing factual information relevant to Epic's invalidity defenses and counterclaim during discovery.   Under McKesson's logic, no defendant could obtain discovery relevant to an affirmative defense until establishing a *prima facie* case of the elements of the defense.  This is not the law.

Moreover, the information that Epic seeks are merely facts -- such as the date(s) on which the inventors actually invented and reduced to practice the claims of the patent in suit.  These objective facts are not dependent on what the prior art might show or how old it might be.  McKesson asks the Court to permit it to defer disclosing those unquestionably relevant facts until it sees the full scope of the prior art, at which time it presumably would attempt to mold the facts to suit its needs.  McKesson's "we'll tell you when we invented it after you tell us when we need to have invented it" argument should be rejected.

Rather, as numerous courts have held, McKesson should be required to disclose this factual information now.  *See Lamoureux v. Genesis Pharmacy Servs.,*

US2000 10040768.1

*Inc.*, 226 F.R.D. 154, 160 (D. Conn. 2004) (holding that "[t]he dates in question -- when the plaintiffs conceived and reduced to practice the invention claimed with regard to the [patent in suit] -- are incontrovertibly relevant to the defenses and counterclaims based upon statutes which turn almost exclusively on such dates. Frankly, the court is surprised that the plaintiffs would attempt to assert otherwise.") (emphasis added); *see also Nazomi Commc'ns v. ARM Holdings*, 2003 WL 24054504, *2 (N.D. Cal. 2003) (attached at Exh. A); *Invacare Corp. v. Sunrise Med. Holdings, Inc.*, 2005 WL 1750271, *4 (N.D. Ill. 2003) (finding patentee-plaintiff's argument that defendant must first point out specific prior art unavailing and ordering plaintiff to provide specific information in response to a similar interrogatory) (attached at Exh. A.); *Loral Fairchild Corp. v. Matsushita Elec. Indus. Co.*, 266 F.3d 1358, 1362-63 (Fed. Cir. 2001).

The only case McKesson cites in support of its argument is *Medtronic Sofamor Danek, Inc. v. Michelson*, 2003 WL 22385645 (W.D.Tenn 2003). McKesson failed to advise this Court, however, that *Medtronic* differs from the present case in two fundamental respects. First, the alleged infringer in *Medtronic* did not even assert invalidity as a defense in the case. *Id*. at *3 ("Moreover, it does not appear that Medtronic has even asserted patent invalidity as a defense . . . ."). In contrast, Epic asserted invalidity as a defense and counterclaim, as further

detailed in 178-page invalidity contentions that explain why twenty different prior art systems and references dated before January 18, 2000 invalidate the '898 patent.  Second, the patentee in *Medtronic* "stated that they will rely on the dates of filing [of their patent applications] as the constructive dates of invention and have already provided Medtronic with those dates."  *Id*.  Here, McKesson has not waived its right to prove an earlier invention date, yet refuses to disclose its alleged invention dates or to provide any evidence it may rely on to demonstrate an earlier invention date.  As another court has held, *Medtronic* is thus distinguishable.  *See Invacare Corp.* 2005 WL 1750271, at *4 n.2 (noting that "the Court does not find *Medtronic* particularly relevant to this dispute" for these same reasons).

If McKesson will, as the patentee did in *Medtronic*, stipulate that its January 18, 2000, application date is its date of invention, then this issue will become moot.  If, however, McKesson intends to try to prove an earlier date for any of the asserted claims, then it must provide the information requested in Interrogatory No. 1 immediately.  Likewise, for Interrogatory No. 15, if McKesson intends to rely on any secondary factors to argue that its invention is not obvious, then McKesson should be compelled to disclose facts it is aware of that would support each of the secondary indicia of non-obviousness that McKesson contends is present in this

case.  If it does not do so, it should be held to forfeit the ability to argue for an earlier invention date or that any secondary considerations exist.

McKesson already has gained a tactical advantage by stonewalling discovery on these issues.  As noted above, Epic served detailed invalidity contentions while this motion was pending, outlining numerous pieces of prior art that invalidate the asserted claims of the patent-in-suit.   Even if McKesson now discloses its invention date and supporting evidence or its evidence of secondary considerations as it should have done in early April, it will be doing so with that prior art in mind. For this reason and the others noted below, McKesson should be required to pay Epic's fees and expenses associated with this motion as a sanction for manipulating the discovery process in this manner.

## III.   McKesson Has Refused to Respond to Several Interrogatories Until Faced with a Motion to Compel.

McKesson appears to recognize that it objected improperly to Interrogatories Nos. 3, 4, 7, and 13 by providing more responsive information in its brief than it did in its Interrogatory Responses.  In addressing its response to Interrogatory No. 3, McKesson first states in its brief that it "can not, however, speculate regarding whether or not the use of any of its numerous products 'may have been covered' by the claims of the Ilsen patent."  (Dkt. No. 47, p. 7.)  McKesson knows enough about the scope of its patent claims to assert that Epic's MyChart® product

US2000 10040768.1

infringes, yet argues that it cannot identify whether McKesson's own products would be covered by the '898 patent.  This assertion is not credible.

McKesson next states that "it can not identify documents where the patented invention was offered for sale or sold prior to the critical date, because that did not occur."  (*Id*. at 7-8.)  However, McKesson's original response to this Interrogatory (which it refused to supplement despite request by Epic) did not state that there were no communications responsive to this interrogatory dated before the filing date of its patent application, as it now appears to contend.  If that statement is true, then McKesson should provide a verified response stating so, rather than including the assertion in unverified attorney argument in a brief.

Epic strongly doubts the accuracy of this statement, as the documents that McKesson produced with its infringement contentions demonstrate that McKesson was offering to sell and selling its claimed invention in 1998 and 1999, well before its January 2000 application date.  (Examples are attached as Exhibit B, under seal due to current confidentiality designations; *see e.g.*, MIC-002623-25, 003039, 007165, 004646, 3386, and 3384.)  Either way, however, McKesson should be ordered to respond fully to Epic's interrogatory.

Likewise, McKesson continues to refuse to respond to Interrogatory No. 4, "contending that the scope of claims is a question of law and that claims [sic]

US2000 10040768.1

construction has not taken place." (*Id*. at 8.)   Again, McKesson can define the claims sufficiently to accuse Epic's MyChart® of infringement, but claims it cannot do the same for its own products.   In any event, McKesson then states that "other than the ePPi product (later re-branded Practice Point Connect)," "McKesson is not aware of any product . . . which is covered by the Patent in Suit." (*Id*.)   McKesson does not explain why it required Epic to file a motion to obtain this limited piece of information rather than providing it in its original responses or when Epic asked it to do so before filing this motion.   McKesson's brief cannot substitute for a verified response, and thus McKesson should be ordered to respond fully and immediately.

McKesson states that implicit in its response to Interrogatory No. 7 "is that McKesson is not aware of any investigations that were not conducted by its counsel, and therefore, there is no non-privileged information responsive to this request." (Dkt. No. 47, p. 12.)   Two problems arise from this statement.   First, if no non-privileged information responsive to this request exists, then (as noted above) McKesson should provide that information in a verified response, not merely in attorney argument.   Second, if privileged information responsive to this request exists, the privilege covers only the substance, not the existence of the study or investigation or the identity of people knowledgeable of it or documents

-8-

relating to it.  McKesson should therefore provide all non-privileged information responsive to this request and the basis for the privilege asserted.

McKesson states that, despite being a company that markets and sells health care related software, it does not know how to "describe" the software it identified in its response to Interrogatory No. 14.  (*Id.* at 12.)  McKesson then states that "Epic can easily review the system[s identified] through the internet" and provides a link to the Relay Health website (but no information regarding any of the other identified systems).  (*Id.*)  While it is not an acceptable response to an interrogatory that the information is available elsewhere, once again, McKesson did not include even this limited information when it first answered this request or in response to Epic's request for supplementation.  As such, McKesson should be ordered to fully answer Epic's questions under oath, not merely in a brief.

McKesson's tactics with respect to Epic's Interrogatories Nos. 3, 4, 7, and 13 are further evidence of its gamesmanship on discovery matters.  It refused to answer Epic's interrogatories in its initial responses and refused Epic's request that it supplement to do so.  Only after Epic expended the time and resources to prepare and file a motion to compel did McKesson finally put forth in its response brief some information responsive to the questions it had refused to answer.  Epic ought

US2000 10040768.1

not to have to file motions to obtain basic information such as this, and thus McKesson should be sanctioned for forcing Epic to do so.

## IV.    McKesson's Insistence That Discovery on Marking Is Improper Is Misplaced.

McKesson continues to argue that it need not provide discovery regarding marking because method claims are immune from the marking requirements of 35 U.S.C. § 287 in all instances.  (Dkt. No. 47, p. 9-10.)  This is an overstatement of the law.  According to *American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d 1523 (Fed. Cir. 1993),

> [t]he purpose behind the marking statute is to encourage the patentee to give notice to the public of the patent.  The reason that the marking statute does not apply to method claims is that, **ordinarily**, where the patent claims are directed to only a method or process there is nothing to mark.   Where the patent contains both apparatus and method claims, however, to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 287(a).

6 F.3d at 1538-39 (emphasis added).

Claim 2 of the '898 patent specifically covers a system, embodied by McKesson's ePPi system, that implements the method of claim 1.  McKesson has asserted claim 2 against Epic, and in so doing alleged in its infringement contentions that Epic infringes that claim because "[t]he patient health record access **system** [at issue, i.e., MyChart®] implements the method of claim 1."

(McKesson's Infringement Contentions, p. 4, Exh. 3 to Epic's Brief in Support of Motion to Compel (emphasis added).)  Thus, as McKesson recognized in its own infringement contentions, the asserted claims include at least one system claim. The district court in *IMX, Inc. v. LendingTree LLC*, held that, with respect to a patent containing both method and other claims:

> [a]lthough IMX does not make or sell the computer components through which its patented system is processed, and although the IMX website itself is not the patented invention, nevertheless, consistent with the purpose of § 287(a) as interpreted by the Federal Circuit, the website is intrinsic to the patented system and constituted a tangible item to mark by which notice of the asserted method claims can be given.

79 USPQ2d 1373, 1376 (D.Del. 2005).

Here, the marking rule applies because "there is a tangible item to mark by which notice of the asserted method claims can be given." *Am. Med. Sys.*, 6 F.3d at 1538.  McKesson's own ePPi system, which McKesson acknowledges is covered by the claims, possesses a website component that represents the tangible item for marking, as was required in *IMX*.  On this basis, Epic has asserted a marking defense and seeks discovery on whether McKesson marked as required. However, this is not the time for deciding the substantive merits of Epic's marking theory.   Rather, Epic has demonstrated a more than colorable basis for its contention that the marking statute applies.  Thus, discovery on this issue (which in

any event should not be burdensome -- McKesson either marked or it did not) should be ordered to proceed.

## V.   McKesson's Infringement Contentions Are Deficient.

McKesson argues that its infringement contentions are sufficient.  (Dkt. No. 47, p. 14-16.)  Local Patent Rule 4.1, however, specifically requires identification within the accused system of each and every limitation of the claims, in more detail than mere recitation of the claim language.  McKesson has not done so, as it fails to identify the presence of at least two claim limitations in the accused instrumentality by doing anything other than parroting the claim language.

McKesson also contends that "[t]he publicly available information regarding MyChart® . . . demonstrates that Epic does practice the patented methods, but some details of McKesson's contentions can only be answered after McKesson has had access to the proprietary information, which McKesson has still not received." (*Id*.)  This is the point of Epic's motion.  McKesson should be compelled to identify how the publicly available information it relied on to file this suit demonstrates that Epic allegedly practices each element of each asserted claim.

Assuming McKesson complied with its duty to investigate and possessed a good faith basis that each element of the asserted claims were met, McKesson should be able to identify, based on the publicly available information it did

review, where and how the "patient-provider interface" and "modular data collection program" claim elements exist.  McKesson is free to supplement those contentions once it receives further information in discovery.  However, it should be ordered to provide the information it currently knows now.

## VI.    McKesson Should Be Sanctioned for Its Discovery Conduct.

McKesson refuses to provide basic discovery that is routinely exchanged in patent cases in several areas.  It has successfully resisted providing information regarding the invention and sales of its patented invention until Epic first complied with its disclosure obligations concerning the prior art under the local rules, thereby gaining the advantage of knowing the scope of the prior art before being required to respond.  It also forced Epic to file this motion before it finally provided even limited information responsive to Epic's other interrogatories. McKesson also has kept Epic in the dark as to how critical claim limitations in McKesson's patent are supposedly found in Epic's accused program, forcing Epic to engage in invalidity and claim construction disclosures without knowing how McKesson itself believes these claim elements to be satisfied.

McKesson alleges that its conduct is justified because Epic is guilty of "stalling and foot-dragging" during discovery in this case.  (Dkt. No. 47, p. 16.) McKesson's allegations are unsupported with any facts, and serve no purpose but

US2000 10040768.1

to attempt to deflect attention away from its own failings.  Because of McKesson's unjustified refusals to engage in discovery or to provide proper contentions, McKesson should bear Epic's costs and fees associated with this Motion.

## VII.  Conclusion

For the forgoing reasons and those stated in Epic's Brief in Support of Its Motion to Compel, McKesson should be ordered to respond to the discovery requests at issue and to provide further infringement contentions, and should be ordered to pay Epic's fees and costs for its unjustified refusal to do so.

## <u>LOCAL RULE 7.1(D) CERTIFICATION</u>

Undersigned counsel hereby certifies that this Brief has been prepared in Times New Roman 14 pt., which is one of the font and point selections approved by the Court under Local Rule 5.1(B).

Respectfully submitted, this 11th day of June 2007.

<div style="margin-left:40%">

s/ William H. Boice
Georgia Bar No. 065725
Steven D. Moore
Georgia Bar No. 520745
D. Clay Holloway
Georgia Bar No. 363296
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
Telephone: (404) 815-6500
Fax: (404) 815-6555

</div>

-14-

US2000 10040768.1

Attorneys for Defendant Epic Systems
Corporation

US2000 10040768.1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Reply Brief in Support of Defendant's Motion to Compel Plaintiff's Interrogatory Responses and Infringement Contentions upon counsel for plaintiff by filing with the Court's CM/ECF system, which will automatically send email documentation of such filing to the following attorneys of record:

| | |
|---|---|
| Timothy G. Barber | tim.barber@wcsr.com |
| Kenneth M. Miller | matt.miller@wcsr.com |
| Adam S. Katz | akatz@wcsr.com |
| George Pazuniak | gpazuniak@wcsr.com |
| Gerard M. O'Rourke | gorourke@wcsr.com |
| Jacqueline D. Austin | jaustin@wcsr.com |

This 11th day of June, 2007.

s/ William H. Boice
Georgia Bar No.  065725
COUNSEL FOR DEFENDANT