UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MCKESSON TECHNOLOGIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>EPIC SYSTEMS CORPORATION<br><br>Defendant. | CIVIL ACTION FILE<br>NO. 1:06-CV-2965-SCJ |

**JOINT MOTION TO STAY PENDING SUPREME COURT CONSIDERATION OF PETITION FOR WRIT OF *CERTIORARI***

Defendant Epic Systems Corporation ("Epic") and Plaintiff McKesson Technologies, Inc., formerly McKesson Information Solutions LLC, ("McKesson") jointly request that the Court stay this recently remanded case pending the Supreme Court's consideration of Epic's Petition for Writ of *Certiorari*, which will be filed December 28, 2012.  Epic will keep the Court apprised of any developments in the Supreme Court's consideration of Epic's Petition for Writ of *Certiorari*.  The parties request this stay in the Court's discretion given the judicial economy of awaiting any substantive determination by the Supreme Court that could impact the underlying claims and defenses.

## I.     Procedural Background.

McKesson brought this action in 2006 alleging that use of Epic's MyChart software product infringed one or more claims of U.S. Patent No. 6,757,898 ("the '898 patent").  Following two years of discovery, the parties moved for summary judgment on various grounds.  Included in those motions was Epic's renewed motion for summary judgment of non-infringement because no single actor performed all the steps of the asserted claims, nor was there any direction or control between the multiple actors alleged to perform those steps.  Judge Camp, previously assigned to the case, granted Epic's renewed motion for summary judgment. (Dkt. No. 389, pp. 14-15.)

Epic and McKesson then filed papers with the Court regarding the remaining motions pending before the Court.  Specifically, the Court took up the issue of whether to rule on or withhold consideration of Epic's Motion for Summary Judgment on issues involving invalidity or McKesson's Motion for Summary Judgment on Epic's inequitable conduct counterclaim.  (Dkt. Nos. 313 and 314.) The Court decided to not rule on the remaining pending motions for summary judgment but instead to dismiss Epic's invalidity and inequitable conduct counterclaims without prejudice so that it could enter final judgment, and stated "[i]f the Federal Circuit finds that the Court erred in determining the issue of

- 2 –

infringement and remands the case, Epic can reassert its counterclaims, and the Court will consider them at that time." (Dkt. No. 392, p. 3.)

The Court entered final judgment on February 11, 2010. (Dkt. No. 393.) McKesson then appealed that judgment to the Federal Circuit. After the initial panel affirmed this Court's decision, McKesson requested *en banc* consideration of that affirmance, and the *en banc* Federal Circuit by a 6-5 vote reversed that decision. In doing so, it removed the 'single actor' requirement for induced infringement of a method claim, holding instead that inducement of infringement may occur where multiple actors perform the steps of a method claim in situations where there is no underlying direct infringement by any actor. *See Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301 (Fed. Cir. Aug. 31, 2012) (hearing the consolidated appeal of two cases on same legal issue). This Court entered an order making the Federal Circuit mandate the opinion of the Court on November 19, 2012. (Dkt. No. 414.)

## II. Epic and McKesson Request Stay Pending the Supreme Court's Consideration of any Petitions for Writ of Certiorari.

Epic intends to request that the Supreme Court review the Federal Circuit's *en banc* decision, and has received an extension of time within which to file its Petition for Writ of *Certiorari* through and including December 28, 2012. Accordingly, the parties submit that the interests of judicial economy are met best

- 3 –

by staying the action before this Court pending the Supreme Court's consideration of Epic's Petition for Writ of *Certiorari*. Likewise, should the Supreme Court grant Epic's Petition, the parties agree that the case should remain stayed pending final resolution by the Supreme Court, and if needed, by the Federal Circuit on remand.

The parties request that this stay apply both to further progression of this case in view of the Federal Circuit's remand, as well the Court's consideration of Epic's Counterclaims of Invalidity and Inequitable Conduct, McKesson's Motion for Summary Judgment of No Inequitable Conduct (Dkt. No. 313), and Epic's Motion for Summary Judgment (Dkt. No. 314).

A proposed order regarding this request is submitted along with this motion.

## **LOCAL RULE 7.1(D) CERTIFICATION**

Undersigned counsel hereby certifies that this Brief has been prepared in Times New Roman 14 pt., which is one of the font and point selections approved by the Court under Local Rule 5.1(B).

Respectfully submitted this 29th day of November, 2012.

| | |
|---|---|
| /s/ *Timothy G. Barber* | /s/*William H. Boice* |
| Timothy G. Barber (NC Bar No. 12857)<br>100 North Tryon Street<br>Suite 3900<br>Charlotte, NC 28202<br>Telephone: 704-503-2600<br>Facsimile: 704-503-2622<br>E-Mail: tbarber@kslaw.com | William H. Boice<br>Georgia Bar No. 065725<br>Steven D. Moore<br>Georgia Bar No. 520745<br>D. Clay Holloway<br>Georgia Bar No. 363296<br>Jason D. Gardner<br>Georgia Bar No. 159087 |
| Natasha H. Moffitt (GA Bar No. 367468)<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309<br>Telephone: 404-572-4600<br>Facsimile: 404-572-5100<br>E-Mail: nmoffitt@kslaw.com | Attorneys for Defendant<br>Epic Systems Corporation<br><br>KILPATRICK TOWNSEND AND STOCKTON LLP<br>Suite 2800<br>1100 Peachtree Street<br>Atlanta, GA 30309-4530<br>Telephone: (404) 815-6500<br>Fax: (404) 815-6555 |
| KING & SPALDING, LLP<br><br>Attorneys for Plaintiff McKesson Technologies, Inc. | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2012, I electronically filed **JOINT MOTION TO STAY PENDING SUPREME COURT CONSIDERATION OF PETITION FOR WRIT OF *CERTIORARI*** with the clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Timothy G. Barber
>King & Spalding, LLP
>100 North Tryon Street, Suite 3900
>Charlotte, NC 28202
>
>Natasha H. Moffitt
>King & Spalding
>1180 Peachtree Street, NE
>Atlanta, GA 30309

>>/s/*William H. Boice*
>>William H. Boice
>>Georgia Bar No. 065725

KILPATRICK TOWNSEND
 & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
Telephone: (404) 815-6500
Fax: (404) 815-6555
E-Mail:  bboice@kilpatricktownsend.com

- 6 –